CHARLES O. KENDALL *vs.* JOHN H. KENDALL & another.

A mortgage of land is not rendered invalid by the fraudulent addition, by the grantee, of the name of the grantor's wife, as a party signing the same for the purpose of releasing dower.

DEWEY, J.   This is an action brought against John H. Kendall, an insolvent debtor, and Andrew F. Jewett, his assignee, to foreclose a mortgage given to the plaintiff by said Kendall. The mortgage on its face purports to have been witnessed by Levi Wallace and Philip Kendall, and also to have been executed by Hannah J. Kendall, the wife of said John H. Kendall, releasing her dower and homestead.   The said Hannah is not living, and no rights of hers are in controversy.

At the trial, the plaintiff called Wallace as a witness, who proved the due execution of the deed by John H. Kendall.   The other witness was not called, and it was shown that he resided in New Hampshire.   The evidence thus offered was sufficient to establish the deed against the said John, and to allow the same to be read to the jury, although the signature of the said Hannah had not been proved.   The court properly therefore allowed the same, and this made a sufficient case to entitle the plaintiff to recover, unless controlled by other facts that might be introduced by the defendants.   This they proposed to do by showing " that said Hannah did not sign said mortgage deed and that the same was fraudulently altered by the addition of her name to the same, after it had been executed and acknowledged by said John and delivered to the plaintiff."   The proposed evidence does not set forth the fact by whose agency this signature was fraudulently made, whether by John H. Kendall or the plaintiff.   If by the former, it would seem that he should not be permitted to set it up, to defend his own deed conveying in mortgage his interest.   If the wife had not executed the deed, it would have been equally valid as against the husband.

But the defendants rely upon the fact that there has been a fraudulent alteration in this deed since its execution, which upon general principles applicable to such alteration in other

instruments avoids the whole instrument, as well what was originally effective and binding as that which has been superadded by the subsequent fraudulent alteration. Independently of the first consideration, that nothing has ever been done by way of fraudulent addition to the deed which, if credit was given to it, in any way affected the interest of said John H. Kendall or enlarged his grant, there are other considerations which, under the decisions of this court and other authorities, preclude the proposed grounds of defence to the present action. It rests upon the distinction between executory contracts and conveyances of real property. By the execution of the deed, the property passes and vests in the grantee. The destruction of the deed does not defeat the estate. *Hatch* v. *Hatch,* 9 Mass. 307. *Chessman* v. *Whittemore,* 23 Pick. 231. As to the effect of fraudulent alterations in avoiding the instrument, it is said in 1 Greenl. Ev. § 568, "But here also a further distinction is to be observed between deeds of conveyance and covenants ; and also between covenants or agreements executed, and those which are still executory. For if the grantee of land alter or destroy his title deed, yet his title to the land is not gone."

In the opinion of the court the proposed evidence was properly rejected, and the verdict must stand.

*Judgment for the plaintiff.*

*T. Wentworth,* for the defendants, cited *Wade* v. *Withington,* 1 Allen, 561 ; *Fay* v. *Smith,* Ib. 477 ; *Ely* v. *Ely,* 6 Gray, 439.

*T. H. Sweetser,* for the plaintiff.